**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARSHALL C. CRESS, on behalf of R.L.C., a minor,**

        **Plaintiff,**

v.                                           **Case No.   6:20-cv-1823-RBD-GJK**

**BRIGHTHOUSE LIFE INSURANCE CO., a Delaware corporation and CHASITY HOOD, an individual defendant,**

        **Defendants.**

---

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **JOINT AMENDED MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 42)**
>
> **FILED:**     June 2, 2021
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.  BACKGROUND.**

On October 28, 2020, Plaintiff Marshall Cress ("Cress") filed a Second Amended Complaint on behalf of his nine year old son R.L.C. ("RLC"), against

Defendants Chasity Hood ("Hood") and Brighthouse Life Insurance Company ("Brighthouse") seeking disbursement of the proceeds of a $100,000 life insurance policy issued by Brighthouse (the "Policy") to Brandi Morrow ("Morrow"), who is RLC's mother and Hood's sister. Doc. No. 11. Morrow died on March 10, 2020. *Id.* at 5. Cress and his wife, who has adopted RLC, now have sole parental and financial responsibility for RLC. *Id.* at 2.

Hood is named as the sole beneficiary on the Policy, but Cress claims the proceeds on RLC's behalf based upon an Agreed Final Judgment Establishing Paternity, Custody, and Other Relief (the "Final Judgment") entered by the Chancery Court in Mississippi. *Id.* at 4. The Final Judgment required both Cress and Morrow to each maintain a life insurance policy for the benefit of RLC in the amount of $100,000 to secure financial support for RLC in the event of the death of a parent. *Id.* at 4-5, 15. In subsequent proceedings, Morrow represented to the Chancery Court in Mississippi that RLC had been named as the beneficiary of the Policy. *Id.* at 17-18.

On December 7, 2020, Brighthouse filed an Answer and Affirmative Defenses as well as a crossclaim against Hood and a counterclaim against Cress. Doc. No. 13. On December 28, 2020, Cress filed a Reply to Brighthouse's Counterclaim. Doc. No. 15. On January 7, 2021, Hood filed a Motion to Dismiss the Second Amended Complaint. Doc. No. 22.

On February 18, 2021, Cress filed a Notice of Settlement and Motion for Final Hearing. Doc. No. 37. On February 22, 2021, the Court entered an order denying the motion for final hearing without prejudice and directing the parties to file a motion for approval of the settlement. Doc. No. 39. On March 23, 2021, the parties filed a joint motion for approval of settlement agreement. Doc. No. 40. On April 14, 2021, the Court entered an order denying the joint motion because the parties failed to attach a copy of the settlement agreement and did not fully explain why resolving the claim was in RLC's best interest and what, if any, actions would be taken to secure the entire proceeds of the Policy for RLC's benefit. Doc. No. 41.

On June 2, 2021, the parties filed a Joint Amended Motion for Approval of Settlement (the "Motion"). Doc. No. 42. The parties provide a copy of the settlement agreement (the "Agreement") and have provided an explanation as to why the Agreement is in RLC's best interests, and why further efforts to obtain the balance of the Policy may be fruitless. *Id.*

## II.  DISCUSSION.

Court approval of any settlement after an action involving a child is commenced is required. *Sullivan v. Dep't of Transp.*, 595 So. 2d 219, 220 (Fla. 2d DCA 1992) (citing Fla Stat. § 744.387(3)(a)). The Court must resolve two issues to approve the settlement agreement: "whether the appointment of a guardian ad

litem is necessary to protect [RLC's] interests" and "whether the settlement agreement is in the best interests of" RLC. *Jackson v. Magical Cruise Co., Ltd.*, No. 6:14–CV–1997, 2016 WL 2647689, at *1 (M.D. Fla. Apr. 22, 2016), *report and recommendation adopted*, 2016 WL 2733422 (M.D. Fla. May 9, 2016).  When determining if a settlement agreement should be approved, "[t]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991). The purpose of court approval "is to protect the interests of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *McLaughlin v. Lara*, 133 So. 3d 1004, 1006 (Fla. 2d DCA 2013).

Under Florida law, because RLC is a minor, it must be determined whether the appointment of a guardian ad litem should be required to protect his interests. Under Florida Statute section 744.3025(1)(a) (2020), before approving a settlement of the minor's portion of the claim, the court has discretion to appoint a guardian ad litem if the gross settlement of the claim exceeds $15,000, and "the court believes a guardian ad litem is necessary to protect the minor's interest." Under subsection (b) of 744.3025(1), "[T]he court shall appoint a guardian ad litem to represent the minor's interest before approving a settlement of the minor's claim

in a case in which the gross settlement involving a minor equals or exceeds $50,000."

The Eleventh Circuit has held that "'[t]he appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure.'" *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (quoting *Roberts v. Ohio Casualty Ins. Co.*, 256 F.2d 35, 38 (5th Cir. 1958)). "*Burke* was an *Erie* case, but its holding—that Rule 17(c) is broad enough to control the question of whether the Court should appoint a guardian ad litem—is no less applicable in cases arising under federal law than in diversity cases." *Barrett v. Fecna Am.*, No. 6:18-cv-2200, 2020 U.S. Dist. LEXIS 121953, at *5 (M.D. Fla. May 20, 2020) (quoting *Meyers v. United States*, No. 6:13-cv-01555-CEM-TBS, Doc. No. 22 at 4 (M.D. Fla. Sept. 15, 2014), *report and recommendation adopted*, Doc. No. 23 (M.D. Fla. Sept. 29, 2014)). "[U]nless a conflict of interest exists between the representative and minor, a district court need not even consider the question [of] whether a guardian ad litem should be appointed." *Burke*, 252 F.3d at 1264. When a parent who is also a party to the lawsuit represents the minor and has the same interest as the child, there is generally no conflict of interest. *Id.*; *see Jackson v. Magical Cruise Co.*, No. 6:14-CV-1997-ORL-18KRS, 2016 U.S. Dist. LEXIS 61149, 2016 WL 2647689, at *1 (M.D. Fla. Apr. 22, 2016), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 61339, 2016 WL 2733422 (M.D. Fla. May 9, 2016).

Here, Cress filed this action on behalf of RLC asserting RLC's entitlement to the proceeds of the Policy for his financial support based on the Final Judgment. Doc. No. 1. Cress and his wife are RLC's natural guardians and are solely responsible for RLC's support. *Id.* As such, there is no apparent conflict between Cress and his son. Doc. No. 42. Thus, the Court finds that appointment of a guardian ad litem is unnecessary.

The Agreement must then "be for the best interest of the ward." Fla. Stat. § 744.387(1) (2017); *Wilson v. Griffiths*, 811 So. 2d 709, 712 (Fla. 5th DCA 2002). Pursuant to the terms of the Agreement, Hood and RLC will split the proceeds of the Policy with Hood receiving $50,001.00 and RLC $49,999.00. Doc. No. 42-1. The proceeds will be paid directly to a Uniform Transfers to Minors Act account that has been established by Cress and the monies will only be used for the benefit and financial support of RLC. Doc. No. 42 at 4, 14. The parties represent that they chose these amounts to ensure an appointment of a guardian ad litem would be unnecessary so as minimize expenses for RLC.[1]  *Id.* at 3. All parties have agreed to bear their own attorney's fees and costs associated with the action. *Id.* at 4.

---

[1] Although Rule 17 controls this issue, the undersigned notes that, under Florida law, appointment of a guardian ad litem would otherwise be required in this case. Fla. Stat. § 744.3025(1)(b). As the Fourth District Court of Appeal has explained, the gross settlement is the total amount of the settlement in which the minor participates, not just the settlement amount paid to the minor. *Allen v. Montalvan*, 201 So. 3d 705, 709-10 (Fla. 4th DCA 2016).

The parties explain that they have determined that each party has a 50% chance of prevailing on the Policy. *Id.* Hood's position is that, as beneficiary, she is entitled to the proceeds and that Cress's only recourse is against Morrow's estate because the Final Judgment is a contractual obligation of the estate, unless Cress can establish a constructive trust, which requires an abuse of confidence, and there is no allegation Hood had a fiduciary relationship with RLC. *Id.* at 5-8. Cress acknowledges he could proceed against the estate, but the estate does not have sufficient assets. *Id.* at 9. Cress maintains that he could pursue an unjust enrichment claim against Hood because Morrow represented to the court that the proceeds of the Policy were earmarked for RLC, and those facts are sufficient to obtain a constructive trust against the Policy proceeds. *Id.* Ultimately, both Hood and Cress acknowledge that, either way, this is an all or nothing proposition regardless of who prevails, exposing both parties to similar risks. *Id.* at 10.

Having carefully considered the claims at issue in this case, the issues with proceeding with litigation to secure the full balance of the Policy proceeds, and the proposed allocation of the settlement proceeds, the Court finds that the parties have demonstrated the Agreement is in RLC's best interest. There are no provisions in the Agreement that render it fundamentally unfair, unreasonable, or otherwise contrary to RLC's best interests. There is no evidence of collusion

between the parties. There is no reason to believe that the Agreement is not in RLC's best interest.

### III. CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 42).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **To expedite the final disposition of this matter, if the parties have no objections to this Report and Recommendation, they may promptly file a joint notice of no objection.**

**RECOMMENDED** in Orlando, Florida, on July 7, 2021.

*[Signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties